**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KYRA LANAE CLARDY,** | : | |
| **Petitioner** | : | |
| | : | **CIVIL ACTION NO. 3:13-2107** |
| **v.** | : | |
| | | **(Judge Mannion)** |
| **NANCY GIROUX,** | : | |
| **Respondent** | : | |

**MEMORANDUM**

On July 24, 2013,[1] petitioner, Kyra Lanae Clardy, an inmate confined in the State Correctional Institution at Muncy, Pennsylvania ("PA"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). She attached state court decisions as exhibits to her petition. Petitioner attacks her 2008 conviction and life sentence imposed by the Court of Common Pleas for Dauphin County, PA, criminal case number CP-22-CR-3355-2006. On September 17, 2013, petitioner completed and filed a *Miller/Mason* Notice of Election indicating that she labeled her petition as one under §2254, and that she chose to have the court rule on it as filed. (Doc. 5). *See* United States v. Miller, 197 F.3d 644 (3d Cir. 1999); Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

After a show cause order was issued, (Doc. 6), the Dauphin County

---

1. Since the habeas petition was signed by petitioner on July 24, 2013, under the prison mailbox rule, the court construes the petition as being filed on that date. *See* Bond v. Visionquest, 410 Fed.Appx. 510 (3d Cir. 2011).

District Attorney filed a response to the habeas petition, (Doc. 10), with exhibits consisting of the state court record, (Doc. 12). Petitioner then filed a traverse. (Doc. 16). Petitioner's habeas petition will be dismissed as untimely, and the court notes that she has not identified any possible basis for equitable tolling.

## I.   Background

The PA Superior Court detailed the procedural background of petitioner's criminal case in its May 7, 2012 memorandum reversing the trial court's grant of petitioner's Post Conviction Relief Act ("PCRA") Petition under 42 Pa.C.S.A. §§9541, *et seq*., (Doc. 12-8), and stated as follows:

> Following trial, a jury convicted [Clardy] of first degree murder, conspiracy, carrying a firearm without a license, and possession of a firearm with altered manufacturer's number. On April 21, 2008, the court sentenced [Clardy] to life imprisonment for the murder conviction. The court imposed concurrent sentences of ninety (90) to four hundred eighty (480) months' imprisonment for conspiracy, twelve (12) to eighty-four (84) months' imprisonment for carrying a firearm without a license, and nine (9) to sixty (60) months' imprisonment for possession of a firearm with altered manufacturer's number. The court also provided credit for time served from May 27, 2006. This [Superior] Court affirmed the judgment of sentence on November 9, 2009, and our Supreme Court denied [Clardy's] petition for allowance of appeal on April 14, 2010. Commonwealth v. Clardy, 988 A.2d 716 (Pa.Super. 2009), appeal denied, 606 Pa. 644, 992 A.2d 886 (2010).
> On April 4, 2011, [Clardy] timely filed a counseled PCRA petition, alleging ineffective assistance of trial counsel for advising [Clardy] not to testify at trial. [Clardy] also claimed appellate counsel was ineffective for failing to challenge the sufficiency of the evidence supporting the conviction for possession of a firearm with altered manufacturer's number. The [trial] court conducted an

evidentiary hearing on July 11, 2011. On July 12, 2011, the [trial] court issued the following order:

> This [c]ourt grants [Clardy's] claim for relief regarding ineffective assistance of appellate counsel for failing to argue on appeal the insufficiency of the evidence to prove beyond a reasonable doubt that [Clardy] was guilty of possession of a firearm with an altered manufacturer's number because there was no evidence at trial that other than being the driver in the car [Clardy] had any ability to handle or inspect the gun.
>
> *   *   *
>
> [Clardy's] claim that [her] trial attorney was ineffective for giving her unreasonable advice when he told her that she should not testify on her own behalf is granted.

(Order, entered 7/12/11, at 1). The [trial] court did not otherwise specify what type of relief [Clardy] should receive.

On July 13, 2011, [Clardy] filed a motion to amend the order granting relief. In her motion, [Clardy] asserted the court must vacate her judgment of sentence in light of its findings regarding prior counsels' ineffectiveness. In the event the court vacated her judgment of sentence, [Clardy] requested a bail hearing. On July 21, 2011, the court granted [Clardy's] motion and vacated the judgment of sentence.

On August 5, 2011, the Commonwealth timely filed a notice of appeal from the court's July 12, 2011 order. On Monday, August 22, 2011, the Commonwealth timely filed a notice of appeal from the court's July 21, 2011 order. The court did not order the Commonwealth to file concise statements of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). On September 16, 2011, this [Superior] Court consolidated the Commonwealth's appeals.

As indicated, on May 7, 2012, the Superior Court reversed the trial court's decision granting petitioner's PCRA Petition and finding Clardy's trial and appellate counsel were ineffective. Thus, the Superior Court reversed the trial court's order vacating Clardy's judgment of sentence. The Superior Court

then remanded Clardy's case to the trial court for reinstatement of her life sentence.

After the Superior Court reversed the trial court's grant of petitioner's PCRA Petition and reinstated her life sentence, petitioner filed a petition for allowance of appeal with the PA Supreme Court on May 30, 2012. The PA Supreme Court denied the petition on March 22, 2013.

As stated, on July 24, 2013, petitioner filed the instant petition for writ of habeas corpus in which she challenges her life sentence and claims that her trial and appellate counsel were ineffective. In its response, respondent argues that the petition should be dismissed as untimely. Petitioner has filed a traverse.

## II.   Discussion

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim

4

is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1)-(2)(emphasis added); *see generally*, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of §2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. *See* Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000).("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.")(emphasis in original); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(*per curiam*); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. *See* Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the

time is counted. A "properly filed application" for post conviction relief under §2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction collateral petition. Stokes v. Dist. Attorney of Phila., 247 F.3d 539, 542 (3d Cir. 2001). Likewise, the statute of limitations is not tolled under §2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The AEDPA statute of limitations also may be subject to equitable tolling. The Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. *See* Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In *Merritt*, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted).

6

## A.   *Statutory Tolling*

In this case, petitioner filed a petition for allowance of appeal with the PA Supreme Court after the Superior Court denied her direct appeal and affirmed her judgment of sentence. Since the PA Supreme Court denied allocatur in petitioner's direct appeal on April 14, 2010, her conviction became final on July 13, 2010, after 90-days had passed in which she could have petitioned the United States Supreme Court for a writ of certiorari. *See* Almazan v. Commonwealth of PA, 80 F.Supp.3d 602, 605 (E.D.Pa. 2015) (citing Kapral v. United States, 166 F.3d 565 (3d Cir. 1999)). Thus, the clock for filing a federal habeas petition began running on July 14, 2010, and petitioner then had one year to file a timely habeas corpus petition. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

Petitioner's time period ran for 264 days (*i.e*., July 14, 2010 to April 3, 2011) when she timely filed her PCRA Petition on April 4, 2011. Her limitations period was then statutorily tolled while her properly filed PCRA Petition was pending until March 22, 2013, when the PA Supreme Court denied her petition for allowance of appeal. *See* Lawrence v. Florida, 549 U.S. 327, 332, 127 S.Ct. 1079, 1083 (2007) ("State review ends when the state courts have finally resolved an application for state postconviction relief.") Petitioner's time period then resumed to run on March 23, 2013 and it ran uninterrupted for 123 days until July 24, 2013, when she filed her habeas petition. Since 264 days had previously run on the limitations period, petitioner

7

had 101 days remaining to file her habeas petition. A timely habeas petition in this case had to be filed by July 1, 2013.

The instant petition was not filed until July 24, 2013. When the 264 days that had previously run are added to the 123 days which ran from March 23, 2013 until July 23, 2013, that equals 387 days that have run on petitioner's limitations period. Thus, petitioner's habeas petitioner was filed 23 days after the limitations period expired. As such, the petition for habeas corpus relief under §2254 is barred by the statute of limitations, and should be dismissed as untimely, unless the statute of limitations is subject to equitable tolling.

## B.   *Equitable Tolling*

The court must next examine whether the AEDPA statute of limitations should be equitably tolled to consider the petition timely filed. Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), *cert. denied*, 540 U.S. 826, 124 S.Ct. 48, 157 L.Ed.2d 49 (2003)(citing Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 617–618 (3d Cir. 1998). The limitation period may be tolled when the principles of equity would make the rigid application of a limitation period unfair. Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010)("Now, like all 11 Courts of Appeals that have considered the question, we hold that §2254(d) is subject to equitable tolling in appropriate cases."); Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

To be entitled to equitable tolling, [petitioner] must show " '(1) that he

has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S.Ct. at 2562 (quoting Pace, 544 U.S. at 418); Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079 (2007) (quoting id.). Courts must be sparing in their use of equitable tolling. Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999). In fact, the United States Court of Appeals for the Third Circuit has held that equitable tolling is proper "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." United States v. Midgley, 142 F.3d 174, 179 (3d Cir.1998).

In her habeas petition, petitioner did not state any possible basis for equitable tolling. Nor does petitioner state any basis for equitable tolling in her traverse. Rather, petitioner argues in her traverse that respondents did not properly calculate her AEDPA one-year limitations period in their response. Petitioner incorrectly states that her conviction became final on June 20, 2013, 90 days after the PA Supreme Court denied her petition for allowance of appeal regarding her PCRA Petition on March 22, 2013. Petitioner then states that she had 100 days after June 20, 2013 to timely file her habeas petition which was September 28, 2013. Thus, she states that her habeas petition was timely. Petitioner incorrectly believes that her limitations period under the AEDPA initially began to run 90 days after the PA Supreme Court denied her petition for allowance of appeal regarding her PCRA Petition. As stated, the conclusion of petitioner's post-conviction collateral review process

does not start the running of the limitations period. As such, petitioner fails to recognize the 264 days that had previously run when she did not have any appeal pending in the state courts, and she does not state the correct date when her conviction became final.

Petitioner's conviction became final on July 13, 2010, as explained above. Also, petitioner is not entitled to an additional 90 days of tolling after the PA Supreme Court denied her petition for allowance of appeal regarding her PCRA Petition on March 22, 2013. The 90-day tolling period providing for time petitioner could have filed a petition for writ of certiorari to the U.S. Supreme Court is only applicable to the time after the PA Supreme Court denied her petition for allowance of appeal regarding her direct appeal on April 14, 2010. *See* Almazan, 80 F.Supp.3d at 606 ("[T]he time during which a state prisoner may petition for a writ of certiorari from the denial of a state collateral petition in the Supreme Court of the United States does not toll the AEDPA's statutory period.") (citing Stokes v. Dist. Attorney of Phila., 247 F.3d 539, 542 (3d Cir. 2001)).

Moreover, in her traverse, petitioner states that the filing of her habeas petition was delayed since her attorney gave her an address for the federal courthouse in Harrisburg without a room number and that her petition was mailed backed to her for an insufficient address. She then had to mail out her petition a second time rendering a filing date of August 8, 2013. This reason for a delay is of no moment since the court utilized the date petitioner signed

her habeas petition, *i.e.*, July 24, 2013. Thus, the court has already afforded petitioner a 15-day credit in calculating her limitations period.

Petitioner states that "another reason for [her] alleged delay is that [she] had to have [her] mother make the copies of [her] Application/Petition before they were sent." She states that she had to fill out the petition, send it to her mother for copies, and then had her mother mail them back to her. This reason for a delay is not grounds for equitable tolling as discussed above. Nor does petitioner state any time periods regarding the copies her mother made for her and she does not explain why this would take 23 days. Petitioner also fails to explain why she could not have made her copies in the prison.

None of the circumstances which warrant equitable tolling apply in this case to render the instant petition timely because petitioner did not act promptly to preserve her rights in this court. Fahd, 240 F.3d at 244. Thus, she has failed to allege that some extraordinary circumstance prevented her from asserting her rights in a timely habeas corpus petition and has failed to demonstrate that she exercised reasonable diligence in investigating and bringing her claims. Merritt, 326 F.3d at 168.

In determining whether extraordinary circumstances exist to warrant the application of equitable tolling, this court must also examine petitioner's due diligence in pursuing the matter under the specific circumstances she faced. Traub v. Folio, No. 04–386, 2004 WL 2252115, at *2 (E.D. Pa. Oct.5, 2004) (citing Schleuter v. Varner, 384 F.3d 69 (3d Cir. 2004)) (affirming dismissal of

11

habeas petition as time barred and not entitled to equitable tolling because lengthy periods of time had elapsed following his conviction before he sought relief). It is petitioner's burden to show that she acted with reasonable diligence and that extraordinary circumstances caused her petition to be untimely. Id. Under the circumstances of this case, petitioner fails to allege any steps that she took to timely file the instant federal habeas petition and was somehow prevented from timely filing. As such, petitioner did not act in a reasonably diligent fashion. Accordingly, the petition is time-barred and will be dismissed.

## III. Certificate of Appealability

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition.

## IV. Conclusion

In light of the foregoing, the petition for writ of habeas corpus, (Doc. 1),

12

will be **DISMISSED** as untimely, and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 7, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2107-01.wpd

13